RECEIVED BY MAIL
FEB 04 2010
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

**Vincent Scott, pro se**

**Plaintiff,**

**VS.**

**The United States of America, The St Louis Metropolitan Police Department, The St Louis Fire Department, St Louis County Police Department McCormack Place Apartments, Cardinal Ritter Senior Services, Grandview Tower Apartments, St Louis Community College, Washington University in St Louis, St Louis University and other, unknown, persons,**

**Defendant.**

**Amendment to Complaint**

**added defendants**

LightningGPS.com and recipients of GPS data on plaintiff, Grandview Towers Apartments, American Mortgage Corporation, Office Depot, Sav-a-Lot Foods, Aldi Foods, Indianapolis and Carmel IN Police Departments

**Cardinal Ritter-San Luis Apartments/ Grandview Towers Apartments History of Discrimination**

In advance of moving to St Louis MO, and seeking housing in St Louis, plaintiff applied by mail from Indianapolis IN for a 1-bedroom apartment at Cardinal Ritter apartment complex in South St Louis and was awarded an apartment for move-in July 23, 2006. Because he was a black male, the manager, "Scott", a white male, of the South St Louis Cardinal Ritter complex denied plaintiff the promised apartment, though several such apartments were available, according to the leasing manager of the complex. Plaintiff immediately complained to HUD fair housing, who consulted with Scott's superior at Cardinal Ritter, who referred plaintiff to San Luis apartments, another Cardinal Ritter property, which had no apartments, only "efficiencies"--none of which were ready for move-in. As a result, plaintiff was unable to move into an apartment for more than three weeks. Cardinal Ritter and HUD unfairly discriminated against plaintiff. Once moved into San Luis Apartments, plaintiff was subjected to many instances of civil and constitutional violations and fire hazards for more than one year (see body of complaint).

Further, when Cardinal Ritter elected to close San Luis, it contracted with ND Consulting of St Louis to arrange for the moving of the more than 200 aged San Luis residents to other dwellings. Plaintiff was unable to locate suitable accommodations, so was forced by ND Consulting to take another efficiency apartment at Grandview Towers Apartments in St Louis on January 31, 2008 ("or sleep in the cold"--ND Consulting agent) where the same offenses continued against his privacy resumed within a few days, this time furthered by "maintenance personnel" at Grandview Towers. At Grandview Towers, despite plaintiff's written and oral complaints to management, of the "buzzing noise" (electronic surveillance) and very noisy heating fan motor in the apartment of plaintiff's residence, no action was taken to protect plaintiff by Grandview Towers management, though, after about a year, the fan motor was replaced.

These are continuing offenses against United States and Missouri laws.

**Amended Request for relief**

1. enjoin Cardinal Ritter, Grandview Towers, ND Consulting, McCormack Place and others who have received taxpayer funds in these matters from failing to repay HUD and other taxpayer funds to their issuing agencies and from soliciting or receiving future taxpayer funding

2. enjoin the U. S. Attorney from failing to investigate these allegations and from failing to report to plaintiff and the court his findings.

3. enjoin the Indianapolis and Carmel IN Police Departments and the St Louis Metropolitan Police Department and St Louis County Police Departments (all of which conspired to steal plaintiff's oral and written and computer-encode scientific and other intellectual product) from failing to return all plaintiff's property and recordings of plaintiff's activities in his home and elsewhere from 1997 to present.

Respectfully submitted and affirmed 2/3/2010

Vincent J Scott affiant pro se.
P. O. Box 23182
St Louis MO 63156

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

Vincent Scott, pro se

Plaintiff,

VS.

The United States of America, The St Louis Metropolitan Police Department, The St Louis Fire Department, St Louis County Police Department McCormack Place Apartments, Cardinal Ritter Senior Services, Grandview Tower Apartments, St Louis Community College, Washington University in St Louis, St Louis University and other, unknown, persons,

Defendant.

## EMERGENCY INJUNCTION AND HEARING PETITION
## AND COMPLAINT FOR DAMAGES

PLAINTIFF DEMANDS TRIAL BY JUDGE

1. At all times hereinafter mentioned, plaintiff was and still is a resident of St Louis Mo

2. Defendants, having main offices at and are corporations incorporated under the laws of and
and is licensed to do business in St Louis MO and one defendant, is a U.S. Government agency,

3. The jurisdiction of this court is invoked pursuant to 28 USC 1331 (list statutes). Defendants violated and conspired to violate the following 42 USC 3631, 1983, 1985, 1981, Title VII of the Civil Rights Act of 1968 and Title VIII of the Civil Rights Act of 1964; 18 USC 241 and 242, 1008, 1030 1513 and 1501-1517; Bivens 403 U. S. 388 (1971) and 18 USC 1962 as well as statutes protecting plaintiff from unlawful search and seizure, wrongful imprisonment, mental and physical torture and negligence, intentional infliction of mental distress, infringement of intellectual property rights and other legal protections . Venue lies in this court.

FACTS under affirmation/affidavit

Plaintiff, a 63-year-old black male marketing/sales consultant and scientist, affirms and states that he has been a resident of St Louis since July, 2006, and that he resided in the San Luis Apartments, a property of Cardinal Ritter Senior Services of St Louis ( a U. S. HUD contractor), and that without legal authority, his apartment was electronically bugged by the St Louis Metropolitan Police Department and/or some other party. The

bugging continued until today, though plaintiff has moved from San Luis to Grandview Tower Apartments in St Louis and then to his present residence

The bugging techniques at San Luis Apartments (and since), in August 2006, included secret insertion of a listening and tracking device in plaintiff's brain (a satellite GPS tracking implant, such as offered by lightninggps.com, which appear on MRI photographs of plaintiff's head) and various devices for detection of movement in plaintiff's apartment. The implant was used to inflict extreme pain on plaintiff nightly and to track him as he moved about outside the apartment during the day as well as to record his brain waves and ideas--probably by St Louis University and Washington University Schools of Medicine, who have, since 1979, obtained millions of dollars in federal and other grants based upon stolen scientific writings of plaintiff, which writings he proposed confidentially orally and in writing to Washington University School of Medicine researchers, in 1979, but shich those researchers denied any interest in. Secretly, however, they began soliciting NIH for funding for the same proposals.

Using the implant, the defendant medical schools have also conducted unlawful medical 'research' upon plaintiff by remote means (e. g., Stereotaxis of St Louis tools). Plaintiff was also recorded on the telephone while he was at work at American Mortgage Corporation, St Louis. Defendants and plaintiff's employer unlawfully stole and published transcripts of plaintiff's original (developed over a period of 40 years) telephone sales presentations during that time.

[whistleblower statutes information re gross negligence, infliction of mental distress, reckless endangerment, misuse of federal funds and programs, etc.] During plaintiff's residence at San Luis Apartments (9/2006 to 1/2008), arsonist(s) repeatedly set fires in the rooms and trash disposal areas and otherwise terrorized the residents, setting several fires on the third floor in the last week alone before the building was abandoned, due to its poor condition and financial losses. The police and fire department were called, however. The management of San Luis, the St Louis Fire Department and St Louis Metropolitan Police Department failed and refused to take any action to investigate or prevent the fires or to better secure the residents until plaintiff offered to refer the matter to the FBI for investigation. Shortly afterward, San Luis did assign a security guard to watch the trash disposal room and was able to apprehend the aronist; however, no action was taken to investigate further or to investigate, charge or punish the suspect. In fact, the suspect was moved by HUD and ND Consulting, under contract with San Luis to move the 20 residents to other locations, to Grandview Tower Apartments, the same place that plaintiff was moved to by ND Consulting. Neither the residents nor mangers of Grandview Tower Apartments was notified of the suspect arsonists' status by San Luis, ND Consulting, the police department, the fire department or HUD. The mass move to the Grandview Tower Apartments was aided by the improper issuance of Section 8 vouchers by U. S. HUD, in St Louis. The issuance of Section 8 vouchers was improper, since the move was made at San Luis's insistence, not that of HUD.

The St Louis Community College Police have unlawfully monitored plaintiff since September 2006 and have broken into and closed plaintiff's internet email accounts without cause or legal authority. They have also interfered with plaintiff's used of public access computers in the college campus libraries to access plaintiff's online commercial accounts.  The college library at Forest Park Community College employs criminal forensic monitoring equipment, which it uses to view, destroy and seize plaintiff's files

and email. The library monitoring staff also distributes stolen materials to local news media, such as KWMU, the University of Missouri at St Louis public affiliate, and to National Public Radio itself, a government sponsored medium in exchange for NPR's publication of stories originating in St Louis (free publicity).

Further, in cooperation with various private security services, who have installed GPS tracking equipment, plaintiff has been electronically recorded at various businesses, such as McCormack Place Apartments, McDonald's Restaurants, Shop and Save and Schnuck's food stores, various university libraries and other businesses in St Louis, wrongly implying that plaintiff was a dangerous criminal or thief, when in fact defendants only sought opportunities for wrongful tracking and recording of plaintiff. Defendants have also entered and altered and stolen from plaintiff's public access computer while plaintiff was doing internet and document research and writing in those libraries and other locations.

Defendants have also installed monitoring equipment in plaintiff's laptop computer and last night (1/31/10) used electronic means and blocked the operation of certain programs on plaintiff's computer as plaintiff was preparing this complaint in his apartment living room (which space is monitored continuously, though McCormack Place denies having any security service or monitoring) service on the property. Defendants have also stolen various papers and clothing items from plaintiff's apartment, particularly those relevant to plaintiff's lawsuit against St Louis County Police Department for false arrest and imprisonment, in 1999. The St Louis County Police Department and cooperating Indianapolis IN Police Department have electronically monitored plaintiff for more than 10 years, because they feared a lawsuit against them for the false arrest and imprisonment of Plaintiff in 1999) and Defendants have also monitored plaintiff's home television and DVD movie viewing and shared those widely with the public—without plaintiff's permission.

Plaintiff has complained in writing to the defendants (FBI [2008] and defendant police departments [2009]), but they have taken no action to end or prevent others from the misconduct alleged. That is, they failed to protect me and to perform their lawful duties.

Please immediately order or direct the U. S. Attorney to immediately order all tax-funded agencies to cease funding the defendants and to conduct a thorough (non-FBI) investigation of these allegations. Please also conduct an inquiry under oath of the defendants to learn the extent of persons and methods involved in the criminal allegations and direct them to provide plaintiff copies of all records in their possession or under their control or within their knowledge. Please also direct McCormack place to pay for plaintiff's move by a professional mover to another, secure, anonymous dwelling.

These allegations and fact recitations are true to the best of my information, knowledge and belief.


WHEREFORE, plaintiff demands:

Money damages in the amount of $1,000,000 a day for each infraction against plaintiff's person, property and each infringement of intellectual property rights from the date of each infraction.

Permanent injunction against the defendants (as appropriate) from performing certain acts in the future.

1. electronic or physical monitoring of plaintiff inside or outside his home and removal of all spy equipment from plaintiff's person and property and home (and certify to the court and to plaintiff that such has been done).
2. defaming plaintiff in any way.
3. using or distributing plaintiff's writings or thoughts or ideas for any reason, without written permission and failing to return plaintiff's papers and other intellectual and personal property
4. failing to assist plaintiff in locating and moving to a secure, anonymous dwelling
5. failing to debar, authorizing, distributing or otherwise providing taxpayer-funded financial assistance or payments to defendants
6. any other relief the court deems appropriate to easing plaintiff's suffering and persecution

Respectfully submitted and affirmed 2/1/2010

Vincent J Scott affiant pro se.
P. O. Box 23182
St Louis MO 63156

