UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VINCENT SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV248 DJS |
| ) | |
| UNITED STATES OF AMERICA, et al.,) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Vincent Scott for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (complaints that are delusional are "factually frivolous"). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983, Bivens, Title VII, and several federal criminal statutes for alleged violations of his civil rights. Named as defendants are the United States of America, the St. Louis Metropolitan Police Department, the St. Louis Fire Department, the St. Louis County Police Department, the McCormack Place Apartments, Cardinal Ritter Senior Services, the Grandview Tower Apartments, St. Louis Community College, Washington University in St. Louis, St. Louis University, LightningGPS.com (and recipients of GPS data on plaintiff), the American Mortgage Corporation, Office Depot, Sav-a-Lot Foods, Aldi Foods, the Indianapolis and Carmel, Indiana, Police Departments, and Other, Unknown Persons. Plaintiff seeks monetary and injunctive relief.

Plaintiff alleges that he was mistreated by his landlords at the San Luis Apartments and by the other defendants during his residence there. Specifically, plaintiff alleges that the police defendants bugged his apartment and inserted a listening and GPS tracking device into his head by which they could monitor his thoughts and activities. Plaintiff claims that the university defendants recorded his brain waves and ideas through these devices, which allowed them to secure millions dollars in federal grant money. Plaintiff maintains that he is a scientist and that his scientific ideas are of great value.

Plaintiff alleges that the San Luis Apartments were repeatedly set fire to by arsonists and that the fire department and police defendants refused to investigate.

Plaintiff's allegations against the other defendants are that he was illegally "tracked" by them or while at their place of business, or that they interfered with his use of public access computers. Plaintiff also believes that his DVD movie viewing was monitored and "shared . . . widely with the public—without plaintiff's permission."

## Discussion

The allegations in plaintiff's complaint are delusional and fanciful; therefore, they are factually frivolous under <u>Denton</u> and must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this __22nd__ day of February, 2010.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE